```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOROTHY E. DANIELS              :         CIVIL ACTION
                                :
                                :
         v.                     :
                                :
                                :
THE SCHOOL DISTRICT OF          :
PHILADELPHIA AND LESLIE MASON   :         NO. 12-2806
```

                              MEMORANDUM

Bartle, J.                                      January 28, 2014

       Before the court is the motion of plaintiff Dorothy E. Daniels ("Daniels") for post trial relief from the judgment entered on November 22, 2013. She seeks judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, a new trial under Rule 59(a), or an altered or amended judgment under Rule 59(e).

       Daniels, an African-American former school teacher, has brought this race and age employment discrimination action under state and federal law against the School District of Philadelphia (the "School District") and Leslie Mason ("Mason").[1] Following a grant of partial summary judgment, this action was tried to a jury on the issue of whether Daniels' transfer from the Thomas Mifflin School in 2010, her replacement at that school by a younger,

---

[1] Daniels also sued individual defendants Rachel Marianno, Kenneth Christy, and Katherine Pendino. The court granted summary judgment in their favor on November 7, 2013.

Caucasian teacher, or her subsequent inability fully to participate in selecting the school to which she would be transferred were a result of race or age discrimination on the part of the School District or Mason.  The jury found in favor of these defendants, and judgment was entered consistent with the verdict.

                             I.

We begin with a brief review of the pertinent provisions of Rule 50 and Rule 59.  Rule 50 of the Federal Rules of Civil Procedure states:

> (a) Judgment as a Matter of Law.
>     (1) In General.  If a party has been
>     fully heard on an issue during a jury
>     trial and the court finds that a
>     reasonable jury would not have a legally
>     sufficient evidentiary basis to find for
>     the party on that issue, the court may:
>         ...
>         (B) grant a motion for judgment as a
>         matter of law against the party on a
>         claim or defense that, under the
>         controlling law, can be maintained
>         or defeated only with a favorable
>         finding on that issue.
>     (2) Motion.  A motion for judgment as a
>     matter of law may be made at any time
>     before the case is submitted to the jury.
>     The motion must specify the judgment
>     sought and the law and facts that entitle
>     the movant to the judgment.
> (b)  Renewing the Motion After Trial;
> Alternative Motion for a New Trial.
>     If the court does not grant a motion for
> judgment as a matter of law made under Rule
> 50(a), the court is considered to have
> submitted the action to the jury subject to
> the court's later deciding the legal questions
> raised by the motion.  No later than 28 days
> after the entry of judgment... the movant may

>    file a renewed motion for judgment as a matter
>    of law and may include an alternative or joint
>    request for a new trial under Rule 59.

Fed. R. Civ. P. 50. Judgment as a matter of law is appropriate when there is an absence of evidence on an issue or claim essential to a non-moving party's cause of action. The evidence will be considered legally insufficient where, viewing the evidence in the light most favorable to the non-moving party, "the record is critically deficient of that minimum quantum of evidence from which the jury might reasonably afford relief." Williamson v. Piper Aircraft Corp., 968 F.2d 380, 384 (3d Cir. 1992). In deciding whether judgment as a matter of law is appropriate, "the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." Eddy v. V.I. Water & Power Auth., 369 F.3d 227, 230 n.4 (3d Cir. 2004). "Although judgment as a matter of law should be granted sparingly, a scintilla of evidence is not enough to sustain a verdict of liability." Id.

Motions for judgment as a matter of law filed under Rule 50(b) after the entry of judgment may only be considered by the court when the moving party has made a motion for judgment as a matter of law before the case has been submitted to the jury. The Rule 50(b) motion may only be based upon the specific grounds previously asserted in the original motion. Williams v. Runyon,

130 F.3d 568, 572 (3d Cir. 1997) (citing Orlando v. Billcon Int'l, Inc., 822 F.2d 1294, 1297-98 (3d Cir. 1987)).

In contrast, a motion under Rule 59(a) provides that a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). As our Court of Appeals has explained, "[a] court may grant a new trial 'where a miscarriage of justice would result if the verdict were to stand.'" Gagliardo v. Connaught Labs., Inc., 311 F.3d 565, 572 (3d Cir. 2002) (quoting Olefins Trading, Inc. v. Han Yang Chem. Corp., 9 F.3d 282, 289 (3d Cir. 1993)).

Finally, Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted when there is a "need to correct clear error of law to prevent manifest injustice." N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

II.

We review the trial record in the light most favorable to the defendants, the verdict winners. Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1095 (3d Cir. 1995). The evidence of the defendants relevant to the present motion consisted of the following. Mason was the principal at the Thomas Mifflin School during the time period in question. She testified that she

informed Daniels in at least one face-to-face conversation that due to budget changes, Daniels would need to obtain an additional teaching certification in order to keep her position for the following year.  It was uncontested that Daniels failed to obtain the required certification.  Mason further testified that Daniels' replacement, a Caucasian who was younger than Daniels, had the qualifications necessary to take the position.  Mason denied that she had any racial or age-related animus towards Daniels.

To corroborate Mason's testimony with respect to the qualifications of Daniels and her replacement, the defendants introduced printouts from the Pennsylvania Department of Education's Teacher Information Management System website, a publicly accessible database which the School District accesses in assisting it to make its staffing decisions.  These printouts showed the teaching certifications of Daniels and her replacement.  They confirmed that Daniels did not have the required certification while her replacement did.

Finally, on the issue of Daniels' inability to participate in selecting her new school because she was not notified of her transfer, defense witnesses stated that, even if Daniels did not have actual notice of her impending transfer from her conversations with Mason, any failure on the School District's part to provide timely written notice to Daniels would have been only a clerical mistake and nothing more.

III.

In support of her instant motion, Daniels first contends the court erred in denying her pretrial motion *in limine* to exclude the printouts from the Pennsylvania Department of Education website, which had not been produced until one week before trial. According to Daniels, the printouts should have been excluded as improperly disclosed under Rule 37(c)(1).

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26 requires identification of each exhibit a party intends to offer at least 30 days before trial. *Id.* 26(a)(3)(B). Disclosures must be supplemented "in a timely manner if the party learns that in some material respect [a] disclosure or response is incomplete or incorrect." *Id.* 26(e)(1)(A).

In this case, several months before trial, Daniels requested the "complete personnel file" of her replacement, and the School District produced what records it had in its possession at the time. The School District does not keep up-to-date teaching certifications in its files. It simply relies on the Department of Education website for this information when needed. Thus, the information from the website was not in the School District's

custody or possession at the time of Daniels' request, and no records of the replacement teacher's certifications were produced at that time.  After the court commented on the absence of any teaching certification records in its Memorandum accompanying the grant of partial summary judgment on November 7, 2013, the School District accessed the Department of Education website, printed out a listing of the teaching certifications of Daniels and her replacement, and provided a supplemental disclosure of those printouts to Daniels on the same day.

   The information in the printouts was publicly accessible, not disputed, and independently corroborated by witness testimony.  While Daniels argues that she was denied the opportunity to "prepare a defense and assess trial tactics and risk at trial," she does not explain how she would have prepared differently had she been apprised of the printouts earlier or how that preparation would have affected the outcome of the trial.  Under these circumstances, we find that the failure to produce the printouts until the week before trial, when the School District obtained them, was both substantially justified and harmless.  Id. 37(c)(1).

   Ms. Daniels further takes issue with Paragraph 41 of the instructions submitted to the jury.  Paragraph 41 conformed substantially to the Third Circuit Model Civil Jury Instructions, which guided the jury on how it was permitted to consider the

reasons that the defendants put forward for their conduct in light of the McDonnell Douglas burden-shifting framework for employment discrimination cases.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Under that familiar framework, the defendant bears only a burden of producing evidence of legitimate, non-discriminatory reasons for its actions.  It is not saddled with the burden of proof.  McDonnell Douglas, 411 U.S. at 802; Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2006). Paragraph 41 explained to the jury how this burden affected their task in assessing the evidence.

Daniels maintains that "no witness on behalf of [the School District] ever testified to the reason" for the defendants' actions, and thus, the only support given at trial for the instruction in Paragraph 41 was "speculation[] and innuendo[]." This is an inaccurate description of the evidence presented at trial, and it misapprehends the allocations of evidentiary burdens in a case such as this one.  Even excluding the printouts with which Daniels takes issue, the witness testimony described above that was presented by the defendants at trial satisfied their burden of going forward.  See Reeves, 530 U.S. at 142.  The instruction in Paragraph 41 was therefore appropriate.  See Reeves, 530 U.S. at 142.

IV.

Having carefully considered Daniels' arguments, we conclude that there was no "clear error of law" that would justify granting a new trial under Rule 59(a), and there was no "miscarriage of justice" to support amending or altering the judgment under Rule 59(e).  N. River Ins. Co., 52 F.3d at 1218; Gagliardo, 311 F.3d at 572.

In addition, Daniels has not previously made any motion for judgment as a matter of law under Rule 50, and as such, we may not consider her present motion under Rule 50(b).  Williams v. Runyon, 130 F.3d 568, 572 (3d Cir. 1997).  Even if we were to do so, she would not be entitled to judgment as a matter of law for the same reasons that her requests under Rule 59 fail.  As a result, the motion of Daniels for judgment as a matter of law under Rule 50(b), for new trial under Rule 59(a), or to alter or amend the judgment under Rule 59(e) will be denied in its entirety.